IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT CHARLES LEWIS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-874-CFC |
| SUPERLODGE MOTEL, et al., | : |
| Defendant. | : |

Robert Charles Lewis, Pittsgrove, New Jersey.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 24, 2024
Wilmington, Delaware

*[signature]*
**CONNOLLY, Chief Judge:**

Plaintiff Robert Charles Lewis appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to screen the Complaint (D.I. 2) pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Plaintiff, who was residing in Delaware when he filed this action,[1] names as the sole Defendant the Superlodge Motel, located in Delaware. Plaintiff alleges that an employee charged him for a weeklong stay in a handicap accessible room, and then assigned him to a regular room, which he could not enter on account of his disability. He seeks $10 million in damages.

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

---

[1] Plaintiff is currently in a rehabilitation facility in New Jersey.

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify

2

allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

This Court lacks subject matter jurisdiction over this matter. There is not federal question jurisdiction because Plaintiff brings no federal claims, *see* 28 U.S.C. § 1331 and there is not diversity of citizenship jurisdiction because both Plaintiff and Defendant are Delaware citizens, *see* 28 U.S.C. § 1332(a). Accordingly, this case will be dismissed without prejudice.

### IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint without prejudice.

This Court will issue an Order consistent with this Memorandum Opinion.

3